UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re:<br><br>    MAA-SHARDA, INC.,<br><br>        Debtor. | Bankruptcy Case No. 14-21380-PRW<br>Chapter 11 |

---

| | |
|---|---|
| MAA-SHARDA, INC. and<br>HINABEN P. PATEL,<br><br>        Plaintiffs,<br><br>        vs.<br><br>FIRST CITIZENS BANK<br>& TRUST CO., INDUS PVR, LLC,<br>J. BARRY DUMSER, and<br>GOONJIT "JETT" MEHTA,<br><br>        Defendants. | Adversary Proceeding No. 15-2003-PRW |

---

**DECISION AND ORDER
GRANTING DEFENDANTS' MOTIONS FOR ABSTENTION
AND REMANDING CASE TO
NEW YORK STATE SUPREME COURT
FOR ADJUDICATION**

PAUL R. WARREN, United States Bankruptcy Judge

      The plaintiffs in this removed action, MAA-Sharda, Inc. and Hinaben P. Patel (collectively "MAA-Sharda"), commenced a civil action in the New York State Supreme Court, Ontario County on October 30, 2014 ("State Court") (ECF AP No. 1 ¶ 1).[1] The action was assigned to the State Court's Commercial Division, the same court that heard and determined a related foreclosure action (ECF AP No. 17 ¶ 50). The complaint alleges fraud on the State Court—a claim arising under New York law—

---

[1] References to the docket for the adversary proceeding are identified as "ECF AP" and references to the docket in the main bankruptcy case are identified as "ECF BK."

in connection with a pre-petition foreclosure action against real property owned by MAA-Sharda (ECF AP No. 1 ¶ 5). On November 8, 2014, days after commencing the action in the State Court, MAA-Sharda filed a voluntary Chapter 11 bankruptcy petition (ECF BK No. 1). The State Court action was removed to this Court on February 4, 2015, the last day possible under 28 U.S.C. § 1452(a) (ECF AP No. 17 ¶ 60). MAA-Sharda asserts that the removed State Court action is related to its Chapter 11 bankruptcy case and that the action is a core proceeding (ECF AP No. 1 ¶ 7).

The defendants filed substantially similar motions seeking to have this Court abstain and remand, arguing that the matter is non-core and that mandatory abstention is warranted under 28 U.S.C. § 1334(c)(2), or alternatively, that permissive abstention is appropriate under 28 U.S.C. § 1334(c)(1) ("defendants' motions") (ECF AP Nos. 14 and 17).[2] Plaintiffs filed opposition to the defendant's motions, late in the day on April 6, 2015, claiming to have discrete claims sounding in "fraud on the court" involving proceedings in both the State Court and the Bankruptcy Court (ECF AP No. 21). In an effort to encourage this Court to intervene in the IRS Form 1099-C skirmish that has been before the State Court for over a year —in one form or another—plaintiffs invite the Court to join them in completely ignoring the mandatory and permissive abstention provisions under 28 U.S.C. §§ 1334(c)(1) and (c)(2).[3] Instead, plaintiffs endeavor to skirt the federal abstention statute by advancing notions of "inherent jurisdiction," "equity jurisdiction," "Rule 60 FRCP fraud on the Court

---

[2]   For the sake of simplicity, the defendants' separate motions are treated by the Court in the aggregate. The arguments advanced and the relief sought are so similar that separate treatment of the defendants' motions would unnecessarily prolong the discussion.

[3]   Curiously, plaintiffs do not mention 28 U.S.C. §§ 1334(c)(1) or (c)(2) anywhere in their opposing affirmation or memorandum of law. Plaintiff's position seems to be based primarily on Rule 60(b)(3) FRCP, and this Court's general equity jurisdiction, perhaps in a conscious effort to avoid dealing with the statutory roadblocks created by 28 U.S.C. §§ 1334(c)(1) and (c)(2). As is correctly observed by Defendants in their separate reply submissions, Rule 60(b)(3) does not create an independent cause of action and MAA-Sharda has not identified the Bankruptcy Court order or judgment from which it seeks to be relieved. (ECF AP No. 22 at ¶¶ 4-10, and ECF AP No. 23 at ¶¶ 16-19).

jurisdiction," "core jurisdiction," or "related to jurisdiction" (ECF AP No. 20 throughout and summarized at ¶ 38). Because both mandatory abstention and permissive abstention are warranted with respect to this removed action, the defendants' motions requesting mandatory abstention, under 28 U.S.C. § 1334(c)(2), or alternatively, requesting permissive abstention, under 28 U.S.C. § 1334(c)(1), are **GRANTED**. The case is **REMANDED** to the New York State Supreme Court, Ontario County—Commercial Division, under 28 U.S.C. § 1452(b).

## I.

## JURISDICTION

This Court has jurisdiction to hear and determine the defendants' motions under 28 U.S.C. §§ 1334(b) and 157(b)(1), (b)(2)(A) and (b)(3). *See In re Exeter Holding, Ltd.*, No. 11-77954, 2013 Bankr. LEXIS 1008, at *7 (Bankr. E.D.N.Y. Mar. 14, 2013) (citing *Nickless v. Creare, Inc.*, 310 B.R. 478, 484-85 (Bankr. D. Mass. 2004) ("[A] motion to abstain, whether mandatory or discretionary abstention, is itself a core matter.").

## II.

## FACTS

Since 2010, MAA-Sharda has litigated in defense against a prepetition foreclosure action at the heart of this removed case—advancing various theories and traveling down numerous procedural avenues in the State Court. MAA-Sharda's challenges to the foreclosure action have proven unsuccessful, as is evidenced by the entry of a judgment of foreclosure and sale against it by the State Court and rejection of the IRS Form 1099-C fraud argument by the State Court (ECF AP No. 1, Part 3 ¶ 71 and ECF AP No. 20, Exhibit 5). Setting out on its newest procedural jaunt, MAA-Sharda has

3

removed—from the State Court to this Court—a prepetition civil action, alleging "fraud on the court" in an indirect attempt to avoid the impact of the judgment of foreclosure (ECF AP No. 1). MAA-Sharda contends that the alleged fraud on the bankruptcy court was the cause of its prior unsuccessful Chapter 11 bankruptcy case and that the money damages from the removed civil action would augment its estate in this bankruptcy case (ECF AP Nos. 1 ¶ 7 and 20 ¶¶ 28-30). [4]

The underlying foreclosure action concerns two properties located in Ontario County, owned by MAA-Sharda: a Best Western Hotel located at 7449 State Route 96, Victor, New York and an America's Best Value Inn Hotel located at 6037 State Route 96, Farmington, New York (collectively "Properties") (ECF AP No. 1, Part 2 ¶¶ 1-3). On October 29, 2010, First Citizens Bank ("First Citizens")—as holder of two promissory notes secured by mortgage liens on the Properties—commenced a foreclosure action in State Court based on MAA-Sharda's default in making mortgage payments (ECF AP No. 17 ¶¶ 11-12). The case was assigned to the Honorable Matthew A. Rosenbaum ("Justice Rosenbaum") (*Id.* ¶ 12). During the pendency of the foreclosure action, First Citizens sold and assigned the notes and mortgages securing the notes to Indus PVR, LLC ("Indus") (ECF AP No. 1, Part 3 ¶ 37). Indus moved for entry of a judgment of foreclosure and sale, scheduled to be heard by Justice Rosenbaum on September 12, 2013 (*Id.* ¶ 40).

On September 3, 2013, MAA-Sharda filed a petition for Chapter 11 bankruptcy protection—for the first time—with this Court, halting the foreclosure action (Case No. 13-21351, ECF No. 1; ECF AP No. 17 ¶ 15). Indus and MAA-Sharda eventually entered into a stipulation and order authorizing interim use of cash collateral and granting adequate protection, by which MAA-Sharda acknowledged its obligation to Indus, agreed to make specified monthly payments to Indus, and stipulated to termination of the automatic stay in the event of default (Case No. 13-21351, ECF No. 104). On May 2, 2014, MAA-Sharda filed its Disclosure Statement and Plan of Reorganization in its Chapter 11 case

---

[4] "[T]he fighting with shadows and being defeated by them necessitates the setting up of substances to combat . . . ." Charles Dickens, *Bleak House*, pg. 391 (Bradbury & Evans 1853).

(Case No. 13-21351, ECF Nos. 114, 115). In its Disclosure Statement and Chapter 11 Plan, MAA-Sharda specifically proposed to treat the "second note," held by Indus, as having been cancelled by First Citizens, pointing to the fact that First Citizens had issued an IRS Form 1099-C for the second note. MAA-Sharda proposed that no distribution be made to Indus on the second note because the debt evidenced by the second note had been cancelled and MAA-Sharda had paid the resulting taxes (*Id.* at ECF Nos. 114, page 6, 7, 16, and Exhibit A and 115 Exhibit A). When MAA-Sharda defaulted in making the payments required by the stipulated cash collateral order, this Court terminated the bankruptcy stay under 11 U.S.C. § 362(d)(1) (Case No. 13-21351, ECF No. 128). On June 18, 2014, the Court granted the U.S. Trustee's motion to dismiss the Chapter 11 case for cause, under 11 U.S.C. §§ 1112(b)(4)(A), (b)(4)(C), and (b)(4)(D) (Case No. 13-21351, ECF Nos. 143, 147).

After the bankruptcy stay was lifted, Indus again moved for entry of a judgment of foreclosure in the State Court foreclosure action (ECF AP No. 17 ¶ 30). MAA-Sharda opposed the motion, arguing that the foreclosing lender acted fraudulently by submitting a Form 1099-C to the IRS that enabled First Citizen to take a bad debt deduction for the 2012 tax year, resulted in the discharge of the second mortgage note debt, and obligated MAA-Sharda to declare the amount of the second mortgage note as income for 2012 (ECF AP No. 1, Part 3 ¶¶ 43-54). Justice Rosenbaum heard argument on the IRS Form 1099-C issues raised by MAA-Sharda and ruled in favor of Indus, finding unpersuasive MAA-Sharda's arguments concerning the so-called fraudulent IRS Form 1099-C unpersuasive (ECF AP No. 17 ¶¶ 35-36). Justice Rosenbaum granted Indus's motion for entry of a judgment of foreclosure and sale in a written decision dated July 31, 2014 (ECF AP No. 1, Part 3 ¶ 70). A judgment of foreclosure and sale was entered by the State Court on September 16, 2014 (*Id.* ¶ 71).

MAA-Sharda filed a notice of appeal with the Appellate Division, Fourth Department ("Appellate Division") on September 26, 2014 (*Id.* ¶ 73). The Appellate Division declined MAA-Sharda's request to enter a discretionary order staying proceedings in connection with the judgment of foreclosure (ECF AP No. 17 ¶ 40). Undeterred, MAA-Sharda persisted with its efforts to hold the

5

foreclosure action in abeyance, as it sought a favorable determination on its claims of fraud against First Citizens and Indus with respect to issuance of IRS Form 1099-C. MAA-Sharda submitted a motion to reargue the lenders' motion for entry of the judgment of foreclosure, which Justice Rosenbaum denied in a written decision dated November 6, 2014 (*Id.* ¶ 42). MAA-Sharda also sought an order from the Appellate Division to limit or reduce the $2,000,000 bond amount, set by Justice Rosenbaum as a condition under CPLR § 5519(a)(6) to obtain a stay of the judgment of foreclosure (*Id.* ¶ 45). The Appellate Division refused to sign the proposed order submitted by MAA-Sharda by letter dated November 7, 2014 (*Id.* ¶ 46).

On October 30, 2014, MAA-Sharda filed a civil action—in State Court and asserting theories of fraud under New York law—by which it claimed that the defendants committed fraud on the State Court in connection with the foreclosure action and fraud on this Court (ECF AP No. 1, Part 2). The action again centered on the issuance of the IRS Form 1099-C (*Id.*). Specifically, MAA-Sharda's amended complaint asserts that First Citizens, Indus, Barry Dumser ("Dumser"), and Goonjit Mehta ("Mehta") (collectively "defendants")[5] "conspired to conceal from the [State Court] and the [Bankruptcy Court], the fact that First Citizens took the bad debt deduction and wrote off the full amount of the [second] mortgage after filing the year end 2012 [IRS Form] 1099-C which declared its intention to cancel and discharge the full amount of the [second] mortgage note" (ECF AP No. 1, Part 3 ¶ 88). As a result, MAA-Sharda alleges that the defendants received significant tax savings, inflated MAA-Sharda's equity of redemption, and thwarted MAA-Sharda's ability to successfully bid on the Properties at foreclosure (*Id.* ¶ 93).

After commencing its civil action in State Court, MAA-Sharda filed its second Chapter 11 bankruptcy petition on November 8, 2014, a mere two days before the scheduled foreclosure sale (ECF BK No. 1). Meanwhile, the civil action seeking recovery of damages for fraud moved forward in State

---

[5] Dumser is the Senior Vice President of First Citizens (ECF AP No. 1, Part 3 ¶ 9). Mehta is the managing member and principal of Indus (*Id.* ¶ 11).

Court before Justice Rosenbaum. On January 9 and January 29, 2015, the defendants filed separate motions to dismiss the state court civil action on *res judicata* and collateral estoppel grounds, among others, with a scheduled hearing date of March 26, 2015 (ECF AP No. 17 ¶¶ 55, 57). By notice of removal filed with this Court on February 3, 2015, MAA-Sharda removed the civil action pending before Justice Rosenbaum in State Court to this Court, under 28 U.S.C. § 1452(a) (ECF AP No. 1).

### III.

### ARGUMENTS OF THE PARTIES

MAA-Sharda asserts that its state law civil action for fraud is "related to the bankruptcy proceeding in that the complaint in the action alleges that fraud was perpetrated in the Bankruptcy Court in the prior Chapter 11 case." (ECF AP No. 1 ¶ 7). Additionally, MAA-Sharda contends that the State Court civil action is related to its pending Chapter 11 bankruptcy case because MAA-Sharda seeks money damages that would benefit the bankruptcy estate (*Id.*). In the Notice of Removal, MAA-Sharda maintains the action is a core proceeding under "28 U.S.C. § 157(a)(O) [*sic*] because it is [a] proceeding affecting liquidation of assets of the estate" (*Id.* ¶ 8). In its recent papers filed in opposition to defendant's motions to abstain and remand, MAA-Sharda stretches its claim that its previous Chapter 11 case was scuttled as a direct result of defendants' fraud *on the Bankruptcy Court*, and claims that the alleged fraud directly led to the failure of its reorganization efforts (ECF AP No. 20). MAA-Sharda goes so far as to allege that "[t]he impact of this fraud on the [Bankruptcy] Court is direct and adverse to the ability of the Chapter 11 debtor to frame a Plan of Reorganization . . . that but for the fraud on the Court, the debtor's Plan of Reorganization would not have been burdened with the full default amount of the [second] note, plus interest, but rather would either not have been required to list the [second] mortgage note, or would have significantly reduced the amount of that note." (ECF AP No. 20 ¶ 8). Unconstrained by the actual facts, MAA-Sharda claims that "it was compelled to

7

Case 2-15-02003-PRW    Doc 26    Filed 04/09/15    Entered 04/09/15 16:27:50    Desc Main
Document      Page 7 of 18

include the entire [second] note balance plus interest and penalties" in its Chapter 11 plan—causing the plan to fail—"which is exactly what happened" (*compare* ECF AP No. 20 ¶ 30, *with* Case No. 13-21351, ECF Nos. 114 and 115, Exhibit A).

By separate motions, the defendants collectively oppose removal and request that this Court abstain from hearing the case, as required by the mandatory abstention provision under 28 U.S.C. § 1334(c)(2), or alternatively, under the permissive abstention provision under 28 U.S.C. § 1334(c)(1) (ECF AP No. 14 ¶ 42; ECF AP No. 17 ¶ 63). The defendants have also separately replied to the opposing papers submitted by MAA-Sharda, amplifying the legal and factual shortcomings with MAA-Sharda's position (ECF AP Nos. 22 and 23). The defendants request that this Court remand the action to the State Court under 28 U.S.C. § 1452(b), so that the pending motions to dismiss the civil action can be promptly heard and determined by the State Court (ECF AP No. 14 ¶ 42; ECF AP No. 17 ¶ 63).

## IV.

## CONCLUSIONS OF LAW

**A.** **The Underlying State Law Civil Action Is Non-Core.**

Although the defendants do not directly raise lack of subject matter jurisdiction over the civil action as an independent basis for remand, their motions refer to *Stern v. Marshall*, 564 U.S. __, 131 S. Ct. 2594 (2011), object to this Court's issuance of a final order on the state law claims presented in MAA-Sharda's complaint, and remind the Court that the defendants have not filed proofs of claim in the bankruptcy case (ECF AP No. 17 ¶¶ 66, 69). In its notice of removal, MAA-Sharda asserts that the Court has "core" subject matter jurisdiction over the civil action, citing 28 U.S.C. § 157(a)(O) (ECF AP No. 1 ¶ 8). The Court presumes that MAA-Sharda intended to point to the catch-all provision of 28 U.S.C. § 157(b)(2)(O). In its most recent filings, MAA-Sharda points to 28 U.S.C. §§ 157(b)(2)(K)

8

and (b)(2)(O) in its attempts to convince the Court that it has core jurisdiction over the removed civil action (ECF AP Nos. 20 at ¶¶ 13, 14, and 21, pages 6-7, 10). Consequently, the Court must consider whether it has core or non-core subject matter jurisdiction over the removed civil action.

A bankruptcy court's power to enter a final judgment in an adversary proceeding depends on whether the proceeding is "core" or "non-core." 28 U.S.C. § 157(b), (c). If the proceeding is within the bankruptcy court's core jurisdiction, the court can hear the matter and enter a final order.[6] 28 U.S.C. § 157(b)(1). Core jurisdiction extends to civil proceedings "arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(b)(1). "A proceeding 'aris[es] under' title 11, and therefore invokes the bankruptcy court's core jurisdiction, if it 'invoke[s] substantive rights created by bankruptcy law.'" *U.S. Dep't of Labor v. Kirschenbaum*, 508 B.R. 257, 264 (E.D.N.Y. 2014) (quoting *In re Housecraft Indus. USA, Inc.*, 310 F.3d 64, 70 (2d Cir. 2002)); *see MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006). A proceeding "arises in" Title 11 when it is "not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." *Baker v. Simpson*, 613 F.3d 346, 350-51 (2d Cir. 2010) (internal quotation marks omitted); *see also In re New 118th LLC*, 396 B.R. 885, 890 (Bankr. S.D.N.Y. 2008) ("Generally, a core proceeding is one that invokes a substantive right under title 11, or could only arise in the context of a bankruptcy case.").

Despite MAA-Sharda's reliance on 28 U.S.C. §§ 157(b)(2)(K) and (b)(2)(O), the state law "fraud on the court" cause of action is not core as defined by 28 U.S.C. § 157(b). At best, the removed action is non-core. The degree of relatedness of the removed action to the bankruptcy case is very

---

[6] It is not necessary for this Court to analyze whether the underlying state law fraud claim at the heart of the removed civil action is a core but constitutionally infirmed *Stern* claim. It is enough to say that, absent defendants' consent, the constitutional authority of this Court to hear and determine the action is certainly suspect. *See Stern v. Marshall*, 546 U.S. __, 131 S.Ct. 2594 (2011); *see also* 28 U.S.C. § 157(c)(1); *Exeter Holding*, 2013 Bankr. LEXIS 1008, at *16-17. The inability of this Court to render a final order in the underlying action is a factor to be carefully considered in determining whether mandatory or permissive abstention is warranted under 28 U.S.C. §§ 1334(c)(2) and (c)(1).

remote—when viewed through the lens of the actual facts. It is difficult for the Court to accept the assertion by MAA-Sharda that the "defendants intentionally misled the Bankruptcy Court" concerning the IRS Form 1099-C, given the fact that MAA-Sharda's Chapter 11 Plan proposed to treat the second note as *cancelled* as a direct result. MAA-Sharda repeatedly asserts that it was compelled to "include the entire [second] mortgage note, plus interest, in the amount of mortgage debt for repayment under the Plan." (ECF AP No. 20 ¶ 36(K) and ¶¶ 5, 7, 8, 13, 28, 29, 30, 31). MAA-Sharda is simply wrong in its recounting of the facts concerning its previous Chapter 11 case. Repeatedly reciting a desired version of the facts does not enable MAA-Sharda to neatly rewrite history, so as to support its claim that fraud was committed on this Court. The record before the Court demonstrates that MAA-Sharda's Disclosure Statement and Plan of Reorganization proposed to *exclude the entire second mortgage note from any payment* because a Form 1099-C had been issued by First Citizens with respect to the second note, evidencing the cancellation of that second mortgage note (Case No. 13-21351, ECF Nos. 114 and 115). MAA-Sharda's attempt to invent a jurisdictional basis under 28 U.S.C. § 157(b) or Rule 60(b)(3) FRCP is not supported by the record. The cause of action did not arise under Title 11, nor did it arise in either MAA-Sharda's current or prior Chapter 11 bankruptcy case. MAA-Sharda's removed state law fraud cause of action exists entirely independent of the Bankruptcy Code, arises exclusively under state law, and is asserted by a non-debtor plaintiff against non-debtor defendants. *See In re Ne. Indus. Dev. Corp.*, 513 B.R. 825, 837 (Bankr. S.D.N.Y. 2014) (observing that the state law fraud claims "involve disputes over rights that . . . have little or no relation to the Bankruptcy Code, do not arise under the federal bankruptcy law, and would exist in the absence of the bankruptcy case" (citations omitted)); *see also Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 55 (S.D.N.Y. 2011) (finding that "an action involving a debtor and a non-creditor in which the only relationship to the bankruptcy proceeding is that determination of the action would affect the ultimate size of the estate is not a core proceeding"). According to MAA-Sharda, "resolution of these issues [the IRS Form 1099-C fraud claim] is indispensable to the formulation of a Plan of Reorganization." (ECF AP No. 20 ¶ 14).

MAA-Sharda's desire to have this Court make a favorable ruling on its claim that the IRS Form 1099-C should have been considered, by the State Court, as an equitable defense to the judgment of foreclosure—an argument that has been considered by the State Court and will again be considered by the State Court in deciding the defendants' motions to dismiss the civil action and is also presently being considered by the Appellate Division Fourth Department—is not a basis to construct "core" jurisdiction under 28 U.S.C. § 157(b) (See ECF AP No. 20 ¶ 5 and throughout). The removed action arose in the context of a foreclosure proceeding in State Court and is alleged as a basis to set aside—or perhaps collaterally attack—the judgment of foreclosure. MAA-Sharda's assurance that it does "not ask that the Judgment of Foreclosure in the State Court be rescinded, or otherwise set aside" rings hollow to the Court (ECF AP No. 20 ¶ 36(E)).[7] Because this Court lacks core jurisdiction over the underlying action, the Court cannot enter a final order. Subject matter jurisdiction exists, if at all, as an extension of this Court's non-core jurisdiction. 28 U.S.C. § 157(c).

In non-core proceedings, the bankruptcy court may only submit proposed findings of fact and conclusions of law to the district court for final determination following *de novo* review. 28 U.S.C. § 157(c)(1). A proceeding is considered related to a bankruptcy case—but non-core—if the "outcome of the litigation might have any conceivable effect on the bankrupt estate" or has "any significant connection with the bankrupt estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) (internal quotation marks omitted); *Tech. Outsource Solutions, LLC v. ENI Tech., Inc.*, No. 02-CV-

---

[7] The Court notes that on April 7, 2015, MAA-Sharda filed its Chapter 11 Plan and Disclosure Statement in the underlying bankruptcy case (ECF BK No. 118, 119). The Plan proposes that this Court retain jurisdiction to adjudicate all claims to any lien on the property and all controversies arising during pendency of the Chapter 11 case (ECF BK No. 118, Article X ¶¶ D, E). The Disclosure Statement acknowledges that MAA-Sharda "is pursuing an appeal from the Judgment [of Foreclosure] because the Judgment [of Foreclosure] includes the full balance of the second note. If [MAA-Sharda] is successful on that appeal, the allowed amount of the [Indus] claim will be reduced by $1,939,399.99, plus interest and attorneys fees . . ." (ECF BK No. 119, page 19). The fact that an appeal of the Judgment of Foreclosure is presently before the Appellate Division Fourth Department, based on several theories—including the IRS Form 1099-C offset theory—is a factor weighing heavily in favor of this Court exercising its discretion to permissively abstain.

11

6433, 2003 U.S. Dist. LEXIS 1475, at *5 (W.D.N.Y. Jan. 23, 2003) (Siragusa, J.) (noting that in the Second Circuit, under *Cuyahoga*, "'related to' jurisdiction can be based *either* on 'conceivable effect' *or* on 'significant connection'"). State law claims have routinely been found to be within the non-core jurisdiction of the bankruptcy court. *See, e.g.*, *Ne. Indus. Dev. Corp.*, 513 B.R. at 837 (holding that state law fraud claim was non-core); *In re Lenders Abstract & Settlement Serv. Inc.*, 493 B.R. 385, 394 (E.D.N.Y. 2013) (finding state law contract claim to be non-core).

The Court finds that because MAA-Sharda's state law fraud claims could have some conceivable effect on the bankruptcy estate, the Court does have non-core subject matter jurisdiction over the removed proceeding under 28 U.S.C. §§ 157(c)(1) and 1334(b). To the extent that the defendants' motions could be viewed as asserting lack of subject matter jurisdiction as an independent basis for remand, the Court declines to remand the removed case on that ground. However, the Court must address the issue of mandatory and permissive abstention, as an alternative basis to remand the action to State Court. *See Tech. Outsource Solutions*, 2003 U.S. Dist. LEXIS 1475, at *6-7.

**B.     Abstention Is Mandated Under 28 U.S.C. § 1334(c)(2).**

Although this Court has non-core jurisdiction over the removed action, the Court may nonetheless be required to abstain from hearing the case. *See New 118th LLC*, 396 B.R. at 892 (Bankr. S.D.N.Y. 2008). Here, there are two doctrines that this Court must consider in determining whether to abstain from hearing the removed action—mandatory abstention and permissive abstention. Abstention is mandatory under 28 U.S.C. § 1334(c)(2) when six elements are found:

> (1) the motion to abstain [was] timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or arising under the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) that action can be timely adjudicated in state court.

*Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 496 B.R. 706, 710-11 (S.D.N.Y. 2013); *Exeter Holding*, 2013 Bankr. LEXIS 1008, at *8; *Tech. Outsource Solutions*, 2003 U.S. Dist. LEXIS 1475, at

12

*12; *Universal Well Servs., Inc. v. Avoco Natural Gas Storage*, 222 B.R. 26, 31 (W.D.N.Y. 1998) (Telesca, J.).

The defendants' motions demonstrate that all six criteria for mandatory abstention are satisfied. First, the defendants' motions to abstain were timely filed. *See* Rule 9027(d) FRBP ("A motion for remand of the removed claim shall be governed by Rule 9014 . . . ."); Rule 9014(a) FRBP ("[R]elief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."); *see also In re Taub*, 413 B.R. 81, 88 (Bankr. E.D.N.Y. 2009) (noting that "courts have generally adopted a flexible, case-specific approach to determining whether a motion for mandatory abstention is timely" (citations omitted)). Here, the Court finds that the motions to abstain and remand were filed promptly under Rule 9027(d) FRBP. Second, the removed action is based entirely on a state law fraud cause of action, targeted at the judgment of foreclosure granted by the State Court following a lengthy foreclosure action.[8] As previously discussed—and most importantly—this Court has found that the removed claim is non-core, satisfying the third factor. Of the six mandatory abstention factors, the third factor is often considered to be the most critical in bankruptcy cases—because if the matter is found to be core, mandatory abstention must be denied.

---

[8] MAA-Sharda repeatedly argues that its "fraud on the court" basis for removal is founded on the claim that it was prevented from framing a Chapter 11 Plan—in its previously dismissed Chapter 11 case—because it could not cover the debt service for both the first and second mortgages and that it was compelled to include the entire second mortgage in its plan, and that defendants intentionally misled this Court by failing to grant MAA-Sharda a credit for the amount of the second mortgage because of the issuance of an IRS Form 1099-C. MAA-Sharda's argument— and its revisionist version of history—seems to be an effort to create a toe-hold in Rule 60(b)(3) FRCP. However, at the risk of repeating itself, the Court again notes that MAA-Sharda conveniently overlooks the fact that its Disclosure Statement and Chapter 11 Plan, in its previous Chapter 11 case, were specifically premised on treating the second mortgage as cancelled and entitled to no distribution because the lender had refused to withdraw the IRS Form 1099-C (Case No. 13-21351, ECF No. 114 and 115). By repeatedly reciting the words "fraud on the court"—seemingly as an incantation chanted to conjure up the specter of jurisdiction—MAA-Sharda invites the Court to ignore the mandatory and permissive abstention doctrines codified by 28 U.S.C. § 1334(c), as well as the notion of comity with the State Court. The Court declines to accept that invitation.

*See Mt. McKinley Insur. Co. v. Corning Inc*, 399 F.3d 436, 448 (2d Cir. 2005); *Exeter Holding*, 2013 Bankr. LEXIS 1008, at *8; *In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 390-91 (Bankr. E.D.N.Y. 2011). Fourth, there is no federal question presented and no diversity jurisdiction. The sole jurisdictional basis for removal is 28 U.S.C. § 1334. Fifth, the civil action was commenced in State Court before the Chapter 11 bankruptcy petition was filed.

As for the sixth mandatory abstention factor—whether the action can be timely adjudicated in state court—the Second Circuit has adopted a four-part test:

> (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011); *Fried III*, 496 B.R. at 711; *Exeter Holding,* 2013 Bankr. LEXIS 1008, at *9-10. Although the party seeking relief typically bears the burden of proof, the Second Circuit has cautioned that "[p]lacing the burden on the party seeking remand may nevertheless be inconsistent with the mandatory nature of abstention under § 1334(c)(2) as well as the principles of comity, which presume that a state court will operate efficiently and effectively." *Parmalat*, 639 F.3d at 582. Thus, the Court must weigh these "significant competing concerns." *Id.*

The defendants maintain that the fraud action can be promptly adjudicated in the Commercial Division of the State Court—and was in the process of being promptly adjudicated in State Court before MAA-Sharda filed its notice of removal (ECF AP No. 14, Mem. of Law at 21). In light of Justice Rosenbaum's specific knowledge and experience with respect to both the fiercely litigated foreclosure action and the follow-on civil action between the same parties, there is simply no credible evidence to even hint that the State Court will not promptly hear the fraud case. In fact, the defendants' motions to dismiss the fraud action were scheduled to be heard by Justice Rosenbaum on March 26, 2015—a date that has now passed due to MAA-Sharda's own litigation tactic in removing

14

the action to federal court. Justice Rosenbaum has experience and expertise in resolving business disputes as a justice in the Commercial Division of the Supreme Court, which routinely handles complex commercial cases. *See* Commercial Division—NY Supreme Court, http://www.nycourts.gov/courts/comdiv/; *see also Tech. Outsource Solutions,* 2003 U.S. Dist. LEXIS 1475, at *13-14. Justice Rosenbaum is fully familiar with the facts of the case, the parties to the litigation, and is in the best position to decide the action—which seeks to revisit the State Court's judgment of foreclosure—without impacting administration of the estate in this Court. At the same moment, MAA-Sharda is actively pursuing its appeal concerning the Judgment of Foreclosure— including its claims regarding the IRS Form 1099-C in the Appellate Division. The Court finds that the sixth mandatory abstention factor is satisfied.

The defendants have demonstrated the existence of all six elements for application of the mandatory abstention doctrine in this case. The Court finds that abstention is mandated by 28 U.S.C. § 1334(c)(2). The Court abstains and remands the action to the New York State Supreme Court, Ontario County—Commercial Division, under 28 U.S.C. § 1452(b).

### C. <u>Permissive Abstention Is Warranted in This Case.</u>

Even if this Court determined that the removed action was a "core" proceeding, rendering mandatory abstention inapplicable under 28 U.S.C. § 1334(c)(2), the Court is vested with discretion to permissively abstain from hearing the action "in the interest of justice, *or in the interest of comity with State courts* or respect for State law." 28 U.S.C. § 1334(c)(1) (emphasis added). *See also Master-Halco, Inc.* v. D'Angelo, 351 B.R. 267, 272 (D. Conn. 2006). The litigation posture of the underlying foreclosure action in the State Courts, particularly the pending appeal of the Judgment of Foreclosure, cry out for this Court to exercise its discretion and permissively abstain. The Court may, in the exercise of its discretion, permissively abstain based on one or more of the following factors:

15

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden [on the court's] docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Exeter Holding, Ltd.*, 2013 Bankr. LEXIS 1008, at *10; *see Tech. Outsource Solutions,* 2003 U.S. Dist. LEXIS 1475, at *13-16 (abstaining on discretionary grounds in the interest of comity because state law contract issues predominated the action); *Universal Well Servs.*, 222 B.R. at 31 (finding permissive abstention appropriate where the parties were non-debtors, the claims were based exclusively on state law, the actions were only remotely related to the bankruptcy proceedings, and federal retention of the cases would not aid in the administration of the bankruptcy case).

Here, the Court finds that the first, second, fourth, fifth, sixth, seventh, eighth, and tenth factors weigh heavily in favor of permissive abstention—perhaps the fourth factor weighing most heavily. There will be no effect on the timely administration of MAA-Sharda's bankruptcy estate, if the Court abstains from hearing this matter, because the State Court can efficiently resolve the dispute. State law issues predominate because a state law fraud cause of action is alleged as the sole basis for relief. *See Tech. Outsource Solutions*, 2003 U.S. Dist. LEXIS 1475, at *13-16. A related appeal continues to be litigated in the Appellate Division, involving MAA-Sharda's appeal of Justice Rosenbaum's judgment of foreclosure.[9] Additionally, 28 U.S.C. § 1334 provides the sole basis for federal court jurisdiction. MAA-Sharda's action is based on non-core state law claims that are easily severable from the bankruptcy case. If those claims are found by the State Court to have merit, any damage award would

---

[9] MAA-Sharda recently stipulated to stay relief so that its appeal could go forward in the Appellate Division (ECF BK No. 112).

merely augment the Debtor's estate.  The extensive procedural history of the related foreclosure proceeding in State Court demonstrates that MAA-Sharda has traveled every litigation avenue in hopes of arriving at a favorable determination on its claim of fraud concerning First Citizen's issuance of an IRS Form 1099-C, in an effort to ultimately revisit the foreclosure judgment in favor of Indus.  The civil action removed to this Court appears to be an attempt to have this Court review decisions rendered by the New York State Supreme Court, Ontario County, now being reviewed by the Appellate Division Fourth Department, in the foreclosure action.[10]  The risk that the federal court and the state appellate court could reach differing conclusions is an important factor weighing heavily in favor of permissive abstention.  This Court will not entertain what appears to be an attempt by MAA-Sharda to forum shop.  This Court will neither interfere with the State Court's ability to make a determination on the merits of the civil action, nor encroach on consideration of the merits of the appeal concerning the Judgment of Foreclosure by the Appellate Division.

The Court finds that—in the exercise of this Court's discretion—and in the interest of comity with the State Courts, permissive abstention is warranted under 28 U.S.C. § 1334(c)(1), in addition to and as an alternative to mandatory abstention under 28 U.S.C. § 1304(c)(2).  Having determined that both mandatory and permissive abstention are warranted, the Court finds that remand of the removed action is both proper and advisable under 28 U.S.C. § 1452(b).

---

[10] A comparison of Justice Rosenbaum's Decision, issued July 31, 2014, with the arguments made by MAA-Sharda in opposing the abstention motions, demonstrates that the State Court heard these same arguments before granting the Judgment of Foreclosure (*compare* ECF AP No. 20, Exhibit 5, *with* ECF AP No. 20 ¶¶ 15-17, 20-27, and 31-34).  The Disclosure Statement filed by MAA-Sharda, just a day prior to the return date of defendants' motions to abstain and remand, confirms that the same legal issue presented by the removed action is before the Appellate Division Fourth Department, in its appeal of the Judgment of Foreclosure (ECF BK No. 118, pages 13-14).

# V.

## CONCLUSION

The defendants' motions for this Court to abstain from hearing the removed case are **GRANTED**, under 28 U.S.C. § 1334(c)(2), and alternatively, under 28 U.S.C. § 1334(c)(1). The removed case is **REMANDED** to the New York State Supreme Court, Ontario County—Commercial Division, pursuant to 28 U.S.C. § 1452(b), for adjudication.

IT IS SO ORDERED.

Dated: April 9, 2015  _____/s/_____
Rochester, New York  HON. PAUL R. WARREN
United States Bankruptcy Judge